In the Matter of the Estate of MINNIE L. DUNNING, Deceased.
GRACE I. DEWEY et al., as Executors of MINNIE L. DUNNING, Deceased, Appellants; CLAYTON M. DUNNING et al., Respondents.

(Consolidated Proceedings.)

Fourth Department, June 29, 1943.

*Earl C. Vedder* and *Beverly S. Galloway* for appellants.

*Leighton T. Wade* and *Albert J. Matson* for respondent, Clayton M. Dunning.

*C. S. Andrews* for respondent, Messer Oil Corporation.

*Per Curiam.* Minnie L. Dunning died on March 21, 1940, leaving surviving her, Clayton M. Dunning, her husband, and two children by a former marriage, Grace I. Dewey and Robert E. Secor. Her will, dated June 2, 1937, was admitted to probate April 5, 1940, and letters testamentary thereon were issued to her two children who were named in the will as executors.

Clayton M. Dunning had an interest in certain oil producing properties in Allegany County which were being developed for him by a corporation.

On January 28, 1937, Dunning and his wife entered into a mutual agreement. On the same day Dunning executed an assignment to his wife of certain properties and rights. These instruments were before the Surrogate's Court for construction. Under the terms of the agreement the wife was to receive the sum of one hundred dollars per month, to be paid by the company producing oil for Dunning, each and every month as long as oil or gas was produced on certain specified farms in Allegany County. However, it was provided therein that such sum should not exceed fifty per cent of the money paid to Clayton M. Dunning for his share of the oil and gas produced on said premises. The agreement also provided for the payment to the wife of $10,000 cash, and for the transfer to her of the life use and occupancy in common with her husband of certain premises in the village of Bolivar, Allegany County. The agreement also limited Mrs. Dunning's right of dower, and stated that it should bind " the heirs, administrators, executors and assigns of the respective parties hereto."

The assignment executed by Mr. Dunning on the same day, transferred and assigned to " *Minnie L. Dunning, her heirs, successors and assigns, forever* " such portion of the contract between Mr. Dunning and the Oil Valley Producing Corporation as would pay to " Minnie L. Dunning, her heirs, successors or assigns " the sum of one hundred dollars each and every month " as long as oil or gas is produced " under such contract, upon certain specified premises in Allegany County. This assignment contains a provision similar to that in the agreement, which limits the monthly payment to Mrs. Dunning to not more than one half of Mr. Dunning's oil receipts.

The respondents contend that the contract and assignment should be construed to provide for the payment of one hundred dollars a month to Minnie L. Dunning only as long as she lived.

There is not any ambiguity or uncertainty in the language of the contract and assignment as to the time during which the payments should be made. The money was assigned to " Minnie L. Dunning, her heirs, successors and assigns, forever." There is nothing uncertain about this language, and it does not permit a construction different from the ordinary meaning of the words used.

Minnie L. Dunning had the right to bequeath in her will to her son and daughter the income from the oil rights of her husband, Clayton M. Dunning, granted and assigned to her in the instruments under consideration.

Clayton M. Dunning is entitled to claim the exempt property of his wife, Minnie L. Dunning, as provided in section 200 of the Surrogate's Court Act. His right to elect to take his share in his wife's estate, as provided in section 18 of the Decedent Estate Law, is not disputed.

It was found by the Surrogate's Court upon sufficient evidence that Mrs. Dunning was overpaid from the oil rights during her lifetime and that her husband is entitled to receive from the executors of her estate the sum of $550.22, the amount of such overpayment, which is a valid claim against the estate of Minnie L. Dunning.

The Surrogate's Court was in error in canceling the agreement and assignment referred to and in declaring that they had no force and effect after the date of Mrs. Dunning's death, and in holding that all funds in the hands of the Messer Oil Corporation and Tidewater Pipe Company, Limited, which were run to the credit of Minnie L. Dunning, or her estate, at the rate of $100 per month since March 21, 1940, belonged to Clayton M. Dunning, and should be paid to him.

The decree of the Surrogate's Court is reversed upon the law and the facts, without costs, and the matter is remitted to the Surrogate's Court of Allegany County, with a direction to enter a decree in conformity with this opinion.

Certain findings of fact are disapproved and reversed.

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and McCURN, JJ.

Decree reversed on the law and facts, without costs of this appeal to any party, and matter remitted to the Surrogate's Court for further proceedings in accordance with the opinion. Certain findings of fact disapproved and reversed.